UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Case No. 19-CV-_____
STEVEN M. SILVERTHORNE

                                       Petitioner,   **PETITION TO VACATE ARBITRATION AWARD**

             -against-

MORGAN STANLEY

                                       Respondent.
------------------------------------------------------------------------x

Petitioner, Steven M. Silverthorne, ("Petitioner"), respectfully submits its Petition to Vacate Arbitration Award pursuant to 9 U.S.C. § 9, and avers as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1. Morgan Stanley ("Respondent") is a New York Corporation with its principal place of business in Purchase, New York.

2. Petitioner, Steven M. Silverthorne, is an individual residing in Caldwell, New Jersey and is a citizen of New Jersey for purposes of 28 U.S.C. § 1332.

3. This court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and is between citizens of different states.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## II.    BACKGROUND, ARBITRATION, AND AWARD

5. Silverthorne joined Morgan Stanley as an employee on June 21, 2013. His employment continued until January 4, 2019.

6. After Petitioner's separation from Respondent, Respondent commenced an arbitration proceeding against petitioner on or about May 31, 2019. The Arbitration was captioned *Morgan*

*Stanley Smith Barney LLC, and Morgan Stanley Smith Barney FA Notes Holdings LLC, v. Steven Silverthorne*, Case No. 19-01520 (the "Arbitration").

7. Petitioner did not file a submission agreement or answer in the Arbitration.

8. Pursuant to FINRA Rules, the case proceeded "according to the three-arbitrator intra-industry case provisions between associated persons or between or among firms and associated persons as described in Rule 13806 (B)(2).

9. Pursuant to the selection process and the internal ranking and matching process internally conducted by FINRA, one arbitrator was assigned to this case: Edward W. Morris, Jr.

10. Mr. Morris rendered an award ("Award") against Petitioner Silverthorne in an amount of $262,809.80 as well as interest, and attorneys fees of $9,260.55.

### III.   PETITION

11. The FAA states that "if in the agreement [to arbitrate] provision be made for a method of naming arbitrators or an umpire, such method shall be followed…"  *See* 9 USC §5.

12. Here, FINRA Dispute Resolution ("FINRA") sets forth the method in which arbitrators shall be named and/or appointed in cases solely involving claims for sums due under the terms of Promissory Notes.

13. FINRA Rule 13806 (c) states in relevant part that: *(1) If the panel consists of one arbitrator, the arbitrator will be a public arbitrator selected from the chairperson roster described in Rule 12400(c) of the Code of Arbitration Procedure for Customer Disputes, unless the parties agree in writing otherwise.*

14. The term "public arbitrator" is clearly defined in the FINRA rules as set forth in the Declaration of A. Manny Alicandro. To wit, Arbitrator Morris is not a public arbitrator.

15. Despite this prohibition, Arbitrator Morris served in violation of FINRA Rules which contractually bound both parties to the Arbitration to adherence to the Rules of FINRA Dispute Resolution Program.

16. This misclassification of Arbitrator Morris, therefore is in breach of contract to the terms of arbitration agreed upon by Petitioner Silverthorne when he signed the Promissory Note at issue in the underlying arbitration.

17. An award issued by arbitrators who are not appointed in accordance with agreed upon procedures may be vacated because the arbitrators "exceeded their powers."

18. Accordingly, Petitioner is entitled to a judgment and order in its favor and against Respondent for the following:

    a. Vacating the Award;

    b. Granting such other relief as the Court deems just and proper including remanding the matter for a new hearing in FINRA with a new panel.

Dated: December 16, 2019
       New York, New York

*/s/A. Manny Alicandro*

_____
A. Manny Alicandro (AA 3648)
85 John Street, Suite 10N
New York, New York 10038
*Attorneys for Petitioner*

## ATTORNEY VERIFICATION

State of New York )
                 ) ss:
County of New York )

    A. Manny Alicandro, being duly sworn, states that he is the attorney for Petitioner Silverthorne and that the foregoing Petition is true to his own knowledge, except as to matters therein stated on information and belief, and as to those matters he believes the Petition to be true and correct.

    This verification is not made by Petitioner, as the Petitioner does not reside in the county in which the undersigned has his principal place of business.

*/s/A. Manny Alicandro*
_____
A. Manny Alicandro