FINRA DISPUTE RESOLUTION, INC.
-------------------------------------------------------------------
MORGAN STANLEY SMITH BARNEY LLC,

and

MORGAN STANLEY SMITH BARNEY FA NOTES
HOLDINGS LLC,

                Claimants,                FINRA DR No. _____

-against-                              Statement of Claim

STEVEN SILVERTHORNE,
CRD No. 5836795,

                Respondent.
-------------------------------------------------------------------

      Morgan Stanley Smith Barney LLC ("Morgan Stanley") and Morgan Stanley Smith Barney FA Notes Holdings LLC ("MSSB FA Notes") (Morgan Stanley and MSSB FA Notes, collectively herein "Claimants"), through their undersigned counsel, hereby file their Statement of Claim against their former employee, Steven Silverthorne, CRD No. 5836795 ("Silverthorne").[1]

I.    Introduction

      Morgan Stanley is a FINRA member firm with its principal place of business in Purchase, New York. In this arbitration, Claimants seek an award against Mr. Silverthorne in the principal amount of $262,809.80, along with pre-award interest, post-award interest at the legal rate, and the costs and expenses of this arbitration, including their reasonable attorney's fees.

      Mr. Silverthorne is a registered representative who was employed by Morgan Stanley during the period from June 21, 2013 through January 4, 2019. Mr. Silverthorne is presently employed by HD Vest Investment Services, a FINRA-member firm.

---

[1] On or about June 1, 2009, the Global Wealth Management Group of Morgan Stanley & Co. ("MS&Co.") and the Smith Barney Division of Citigroup Global Markets, Inc. ("CGM") were combined to operate as a consolidated joint venture, Morgan Stanley Smith Barney Holdings, LLC ("MSSBH"). The joint venture owned both Morgan Stanley, which was a newly-formed investment advisor, broker-dealer and FINRA member, and MSSB FA Notes. Throughout the entirety of the time relevant hereto, Mr. Silverthorne was employed by Morgan Stanley. Morgan Stanley, which was the FINRA member firm with which Respondent's FINRA registration was carried at the time of his resignation, and MSSB FA Notes, as the issuer of the promissory notes at issue herein, jointly bring this action to enforce the terms of those promissory notes.

1

Mr. Silverthorne is required to submit this matter to arbitration pursuant to the terms of various written agreements that he executed during his employment, including: (a) an arbitration clause contained in his written Financial Advisor Employment Agreement (the "Employment Agreement"), a copy of which is attached hereto as Exhibit 1; (b) arbitration clauses contained in the five written promissory notes which are the subject of this arbitration, copies of which are attached hereto as Exhibits 2-6; and (c) the rules of FINRA.

II.  Claimants Are
     Entitled To An Award

   A.  Morgan Stanley Agreed To
       Loan Money To Mr. Silverthorne

Mr. Silverthorne received his first securities license, his Series 7, on November 3, 2010. He was working at the time for David Lerner Associates, Inc. ("Lerner"). He left Lerner after only a few months in order to begin working for Merrill Lynch, Pierce Fenner & Smith Incorporated ("Merrill Lynch").

Mr. Silverthorne remained with Merrill Lynch until June 21, 2013, at which point he accepted employment with Morgan Stanley. His office of employment with Morgan Stanley was in Short Hills, New Jersey.

In connection with his employment by Morgan Stanley, Morgan Stanley agreed to advance to Mr. Silverthorne a series of loans, each of which would be evidenced by written promissory notes. The first of the loans would be advanced to Mr. Silverthorne at or about the time that he began his employment with Morgan Stanley and, depending upon Mr. Silverthorne's success in transferring assets to, and opening new accounts at, Morgan Stanley, additional loans would be advanced, in varying amounts, at specific times in the future.

Each of the loans that were to be made would be interest bearing loans, and depending upon the amount of the loan, would be repayable over a number of years. Annually, Mr. Silverthorne would be required to make an installment payment on each of the loans, equal to a pro rata portion of the principal amount of the loan, along with a payment of interest on the outstanding balance.[2]

---

[2]  Morgan Stanley also agreed to pay to Mr. Silverthorne a series of bonuses. The bonuses would be paid annually, but only so long as Mr. Silverthorne remained employed by Morgan Stanley. The gross, pre-tax amount that Mr. Silverthorne would receive each year would be equal to: (a) the installment payments that Mr. Silverthorne was required to pay to Morgan Stanley on the loans; plus (b) the interest that was due on the loans.

2

B.   Significant Loans Were
     Made To Mr. Silverthorne

Upon joining Morgan Stanley, Mr. Silverthorne received a loan in the amount of $134,400.00 (the "First Loan"). A copy of the promissory note which Mr. Silverthorne signed, which is dated June 21, 2013, is attached hereto as Exhibit 2 (the "First Note").

The First Note provided that Mr. Silverthorne would repay the First Loan in nine equal principal installments in the amount of $14,933.33, and also required the payment of interest on the outstanding balance at the rate of 1.00%. The first of the annual installment payments was due on June 21, 2014, and subsequent installment payments were due on June 21 of each succeeding year, with the final payment falling due on June, 21, 2022.

In May 2014, Mr. Silverthorne received another loan (the "Second Loan"). The Second Loan was in the amount of $33,600.00. A copy of the promissory note which Mr. Silverthorne signed in connection with the Second Loan, which is dated May 16, 2014, is attached hereto as Exhibit 3 (the "Second Note").

The Second Note was repayable in eight equal principal payments of $4,200.00. The Second Note bore interest, and the applicable interest rate for the Second Note was 2.00%. The first of the installment payments due pursuant to the terms of the Second Note was to be made on May 16, 2015, and annual payments were due each year thereafter on May 16 until May 16, 2022, when the Second Note would be fully paid.

On July 20, 2015, Mr. Silverthorne was issued another loan (the "Third Loan") and signed another note (the "Third Note") (copy attached as Exhibit 4). The Third Loan was in the amount of $62,579.91 and bore interest at the annual rate of 2.00%. The Third Loan was repayable over seven years, with the first principal payment, which was in the amount of $8,939.99, falling due on July 20, 2016. The seventh and final principal and interest payment was due on July 20, 2022.

The next loan which was extended to Mr. Silverthorne was issued on July 14, 2016. This loan (the "Fourth Loan") was in the amount of $69,325.10 and is evidenced by a promissory note (the "Fourth Note") which is dated July 14, 2016 (*see* Exhibit 5 hereto). Interest accrued on the Fourth Loan at the annual rate of 1.50% per annum, and six payments of principal and interest were due on July 14 of each year, beginning with July 14, 2017 and ending on July 14, 2022. Each year, the principal due was $11,554.18.

The final loan which was issued to Mr. Silverthorne (the "Fifth Loan") was in the principal amount of $113,794.38. Pursuant to the terms of the note (the "Fifth Note," dated July 17, 2017, a copy of which is attached hereto as Exhibit 6) (the First through the Fifth Note, collectively, the "Notes"), the Fifth Loan was repayable over a period of five years. The first of the five principal payments was due on July 17, 2018. Interest accrued at the rate of 2.00% per annum. The final payment of principal and interest was due on July 17, 2022.

In total, the principal that was loaned to Mr. Silverthorne was $413,699.39. The details of each of the Notes is as follows:

| NOTE | EXHIBIT | DATE | AMOUNT | DURATION |
|---|---|---|---|---|
| First Note | 2 | June 21, 2013 | $134,400.00 | 9 years |
| Second Note | 3 | May 16, 2014 | $33,600.00 | 8 years |
| Third Note | 4 | July 20, 2015 | $62,579.91 | 7 years |
| Fourth Note | 5 | July 14, 2016 | $69,325.10 | 6 years |
| Fifth Note | 6 | July 17, 2017 | $113,794.38 | 5 years |
| Total | | | $413,699.39 | |

C. Mr. Silverthorne's Resignation
Required Repayment Of The Notes

On January 4, 2019, Mr. Silverthorne resigned his employment. Pursuant to the terms of each of the Notes, the unpaid principal of the Notes became immediately due and owing.

More specifically, the First Note, on the second page thereof, contained the following language:

> All amounts outstanding under the Note shall automatically be, and become, immediately due and payable, without notice or demand, (i) if the Borrower's employment with an Authorized Party terminates voluntarily or involuntarily for any reason or no reason whatsoever....

Identical acceleration language is contained in each of the other Notes.

As of the date of Mr. Silverthorne's resignation, he had repaid principal in the amount of $150,889.56. Thus, the total principal amount owed to Morgan Stanley as of the date of his resignation comes to $262,809.80.

D. Morgan Stanley Is Entitled
To Pre-Award Interest

Each of the Notes requires that Mr. Silverthorne pay interest on the outstanding principal balance due. Upon the resignation of his employment, the otherwise applicable interest rate for each of the Notes increased by 4% per annum.

As of May 31, 2019, the total amount of interest due on the Notes is $9,083.36. The details of the principal and interest due on each of the Notes is reflected in the following chart:

| NOTE | ORIGINAL PRINCIPAL AMT | PRINCIPAL PAID | PRINCIPAL DUE | INT RATE | INT DUE AS OF 5/31/2019 | TOTAL DUE AS OF 5/31/2019 | DAILY INTEREST |
|---|---|---|---|---|---|---|---|
| Note 1 | $134,400.00 | $74,666.65 | $59,733.32 | 1.00%/5.00% | $1,525.25 | $61,258.57 | $8.18 |
| Note 2 | $33,600.00 | $16,800.00 | $16,800.00 | 2.00%/6.00% | $620.45 | $17,420.45 | $2.76 |
| Note 3 | $62,579.91 | $17,879.98 | $44,699.93 | 2.00%/6.00% | $2,385.63 | $47,085.56 | $7.35 |
| Note 4 | $69,325.10 | $23,108.36 | $46,216.74 | 1.50%/5.50% | $1,354.21 | $47,570.95 | $6.96 |
| Note 5 | $113,794.38 | $18,434.57 | $95,359.81 | 2.00%/6.00% | $3,197.82 | $98,557.63 | $15.68 |
| Totals | $413,699.39 | $150,889.56 | $262,809.80 | | $9,083.36 | $271,893.16 | $40.93 |

As indicated above, interest continues to accrue on all of the Notes at the rate of $40.93 per day.

  E.  Morgan Stanley Is Entitled
     <u>To Its Fees And Expenses</u>

Pursuant to the express terms of the Notes, Morgan Stanley is entitled to recover from Mr. Silverthorne not only the unpaid principal balance and interest due, but is also entitled to recover its fees and expenses of pursuing this claim, including its legal fees.

The following language appears in each of Notes on page 3 thereof:

> Borrower hereby agrees to indemnify and hold harmless (to the fullest extent permitted by applicable law), and to reimburse, the Note Holder and any Authorized Party and their respective affiliates, subsidiaries,…successors, designees, and assigns from and against any and all liabilities, losses, taxes, damages, costs and expenses of any liabilities, losses, damages, costs, expenses (including attorneys' fees), actions, suits, judgments or investigative or administrative proceedings ("Liabilities")…that may be suffered or incurred by any such indemnified person in connection with this Note and the exercise of any rights, remedies or privileges hereunder, including, but not limited to, as a result of a breach of the Note and efforts to force repayment of the Note.

     \*  \*  \*  \*

WHEREFORE, Claimants request that the Panel enter an award:

(1)  On the First Note, in the principal amount of $59,733.32, plus pre-award interest as provided in the First Note, from June 21, 2018 until January 4, 2019 at the rate of 1.00%, and from January 4, 2019 to the date of award at the rate of 5.00%, plus post-award interest at the legal rate; and

(2)  On the Second Note, in the principal amount of $16,800.00, plus pre-award interest as provided in the Second Note, from May 16, 2018 until January 4, 2019

at the rate of 2.00%, and from January 4, 2019 to the date of award at the rate of 6.00%, plus post-award interest at the legal rate; and

(3) On the Third Note, in the principal amount of $44,699.93, plus pre-award interest as provided in the Third Note, from July 20, 2017 until January 4, 2019 at the rate of 2.00%, and from January 4, 2019 to the date of award at the rate of 6.00%, plus post-award interest at the legal rate; and

(4) On the Fourth Note, in the principal amount of $46,216.74, plus pre-award interest as provided in the Fourth Note, from July 14, 2018 until January 4, 2019 at the rate of 1.50%, and from January 4, 2019 to the date of award at the rate of 5.50%, plus post-award interest at the legal rate; and

(5) On the Fifth Note, in the principal amount of $95,359.81, plus pre-award interest as provided in the Fifth Note, from July 17, 2018 until January 4, 2019 at the rate of 2.00%, and from January 4, 2019 to the date of award at the rate of 6.00%, plus post-award interest at the legal rate; and

(6) For their fees and expenses, including all FINRA forum fees, and their reasonable attorneys' fees, as provided for by the Note; and

(7) For such other and further relief as the Panel deems appropriate.

Dated: New York, NY
       May 31, 2019

Respectfully submitted,

*/s/ Alan S. Brodherson*

Alan S. Brodherson
36 W. 44th Street
Suite 1412
New York, NY
(212) 764-4044
Attorney for Claimants
Morgan Stanley Smith Barney LLC
and Morgan Stanley Smith Barney
FA Notes Holdings LLC